IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 11:10 am, Apr 25, 2017*

ERIC MITCHELL BLANTON,

    Petitioner,

v.

SAMUEL SCOTT OLENS; THERESE A. BARNES; and STEPHEN BRIGHT,[1]

    Respondent.

CIVIL ACTION NO.: 6:16-cv-124

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Eric Mitchell Blanton ("Blanton"), who was formerly housed at the Appling County Jail in Baxley, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondents filed separate Motions to Dismiss, (docs. 10, 12, 16), and Blanton filed a Reply opposing all Motions to Dismiss, (doc. 24). For the reasons set forth below, I **RECOMMEND** that the Court **GRANT** Respondent Carr's Motion to Dismiss, (doc. 12), **DISMISS** Blanton's Petition, **DISMISS AS MOOT** all other pending Motions in this case, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Blanton leave to appeal *in forma pauperis*.

### BACKGROUND

In August 2007, Blanton pled guilty to two counts of aggravated assault. (Doc. 13-1, p. 5.) On August 27, 2007, the Superior Court of Toombs County sentenced Blanton to seven years for each count of aggravated assault, to run concurrently, with only eighteen months to

---

[1] The current Attorney General of Georgia is Christopher M. Carr. Accordingly, the Court **DIRECTS** the Clerk of Court to change the name of Respondent Samuel Scott Olens to Christopher M. Carr upon the docket and record of this case.

serve and the balance of his sentence to be served on probation. (Id. at p. 4.) Blanton received credit for time served from February 5, 2006, until August 27, 2007, and was released on probation at that time to serve the remainder of his seven-year sentence. (Id.)

On January 7, 2010, the Toombs County Superior Court revoked Blanton's probation due to a new felony offense. (Doc. 13-3, p. 3; Doc. 13-6, p. 2.) Blanton entered the custody of the Georgia Department of Corrections on July 15, 2010, to serve out the remainder of his aggravated assault sentence. (Doc. 13-7, p. 3.) His projected release date was determined to be March 7, 2013. (Id. at p. 2.) However, on December 30, 2011, Blanton was released on parole. (Id.; Doc. 13-8.)[2]

Blanton filed this Section 2241 Petition on August 8, 2016, contesting his January 7, 2010, probation revocation. (Doc. 1.) Respondents Barnes and Bright filed Motions to Dismiss asserting that they are not the proper party to be sued. (Docs. 10, 16.) Respondent Carr filed a Motion to Dismiss contending that this Court lacks jurisdiction to hear Blanton's Petition and that Blanton's Petition is untimely. (Doc. 12.)

## DISCUSSION

### I. Whether Blanton can Proceed Pursuant to Section 2241

"A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus." Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). Two different statutes govern the single post-conviction remedy of the writ of habeas corpus, 28 U.S.C. §§ 2241 and 2254. "The difference between the statutes lies in the breadth of the situations to which they apply." Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004) (quoting Medberry, 351 F.3d at 1059). A writ of habeas corpus may issue to a prisoner pursuant

---

[2] At the time Blanton filed this action, he was detained in Appling County Jail on separate charges. (Doc. 28, pp. 6–7.) However, it appears that he has since been released. (Doc. 29.)

2

to Section 2241 if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 "applies to a subset of those to whom" Section 2241(c)(3) applies. Id. at 786. This Section applies to "'a person in custody *pursuant to the judgment of a State court*' who is 'in custody in violation of the Constitution or law or treaties of the United States.'" Id. (quoting Section 2254(a)) (emphasis in original). While "the habeas corpus remedy is authorized by § 2241," it is "also subject to § 2254 and all of its attendant restrictions." Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." Thomas, 371 F.3d at 787.

Blanton contests the Toombs County Superior Court's January 2010 decision to revoke his probation. Blanton contests custody pursuant to the judgment of a Georgia court, and thus, his Petition is governed by Section 2254 and its attendant restrictions, specifically, the "in custody requirement"[3] and the exhaustion requirement. See Thomas, 371 F.3d at 787 (stating that the argument that Section 2254 does not apply where a state prisoner challenges parole decisions rather than court rulings is without merit). Accordingly, the Court must determine whether Blanton's Section 2241 Petition is barred by the "in custody" requirement and/or the statute of limitations period.

## II. Whether Blanton is "in Custody" Pursuant to 28 U.S.C. §§ 2241 and 2254

To file a federal habeas corpus petition, a petitioner must be "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); see also 28 U.S.C. § 2254(a). "Whether a petitioner is 'in custody pursuant to the judgment of a State court' is a jurisdictional question[.]" Diaz v. State of Fla. Fourth Judicial Circuit ex rel. Duval Cty., 683 F.3d 1261, 1263 (11th Cir. 2012). A habeas petitioner is no

---

[3] The "in custody" requirement is also present in Section 2241 cases. 28 U.S.C. § 2241(c)(3)

3

longer "in custody" within the meaning of Section 2254 when the challenged sentence has fully expired at the time his petition is filed. Carafas v. LaVallee, 391 U.S. 234, 238 (1968). However, the "in custody" language does not require a petitioner to be "physically confined in order to challenge his sentence on habeas corpus." Maleng v. Cook, 490 U.S. 488, 491 (1989). A petitioner who has been placed on parole may still be "in custody" under his unexpired sentence. Jones v. Cunningham, 371 U.S. 236 (1963); see also Duvallon v. Florida, 691 F. 2d 483, 483 (11th Cir. 1982) ("In the context of habeas proceedings, the 'in custody' requirement may also be met where a petitioner is on probation, parole or bail.") (citations omitted). However, "a habeas petitioner [is not] 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." Maleng, 490 U.S. at 491 (emphasis in original).

On December 30, 2011, Blanton was released on parole following his detention resulting from the January 2010 probation revocation. His parole period ended on March 7, 2013, which marked the end of his seven-year sentence for the aggravated assault charges. Blanton did not file this Petition until August 8, 2016, over three years after his original sentence "fully expired." Id. While Blanton was detained at Appling County Jail at the time he filed this Petition, he was detained on separate, undisclosed charges.[4] However, Blanton's Petition does not appear to challenge anything other than his January 2010 probation revocation. In fact, Blanton makes no mention of the charges surrounding his Appling County Jail detention until his February 23, 2017, Brief in Support of Motion for Appeal Filed in the Supreme Court. (Doc. 28.)

---

[4] It is unclear whether Blanton was ultimately convicted of those charges. In fact, the Court notes that it appears Blanton is no longer detained at Appling County Jail. (Doc. 29.) However, nothing before the Court provides any detail regarding the circumstances of his release.

Thus, Blanton was not "in custody" at the time he filed his Section 2241 Petition, and this Court lacks jurisdiction to entertain his claims. Accordingly, the Court should **GRANT** Respondent Carr's Motion to Dismiss and **DISMISS** Blanton's Petition.

### III. Whether Blanton Timely Filed his Petition

Even if Blanton were to be considered "in custody" for purposes of this Petition, his Petition would still fail because Blanton did not timely file. A petitioner seeking to file a federal habeas petition has one year within which to file their federal habeas petitions. 28 U.S.C. § 2244(d)(1). The statute of limitations period shall run from the latest of four possible dates:

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Blanton's Petition is untimely under both Subsections (d)(1)(A) and (d)(1)(D). The Court typically analyzes parole revocations under Subsection (d)(1)(D). See Day v. Hall, 528 F.3d 1315, 1317 (11th Cir. 2008) (state parole board's decision is the triggering event for statute of limitations period). However, unlike parole revocations, state probation revocations are determined by a judicial body—here, the Toombs County Superior Court—with its attendant

appeal process. O.C.G.A. § 5-6-35(a)(5). Accordingly, in an abundance of caution, the Court analyzes Blanton's timeliness under both Subsections.[5]

Under Subsection (d)(1)(A), Blanton's probation revocation became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Georgia law allows a petitioner to appeal a probation revocation within thirty (30) days of the revocation order. O.C.G.A. § 5-6-38(a). Here, Blanton had until February 6, 2010, to appeal the Superior Court's January 7, 2010, probation revocation order. Correspondingly, Blanton had until February 6, 2011, to file a federal habeas corpus petition or to toll this one-year period by filing a state collateral attack. Blanton failed to take either of these actions. Even if the Court were to extend the date the statute of limitations began to run to April 24, 2010—which was thirty (30) days after the date of the second amended revocation order—Blanton would still be untimely. At the latest, Blanton had until April 24, 2011, to file a federal habeas corpus petition or to toll the one-year period by filing a state collateral attack. Blanton did not file his "Motion to Correct an Illegal Sentence" until April 28, 2011. (Doc. 13-5, p. 1; Doc. 13-6, p. 1.)

However, even if, in an abundance of caution, the Court considered Blanton's Motion to Correct timely filed for purposes of tolling, Blanton would still be untimely in filing this Petition. The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

---

[5] For purposes of this action, the analyses under Subsections (d)(1)(A) and (d)(1)(D) are indistinguishable. Under Subsection (d)(1)(D), the statute of limitations ran from the date Blanton's probation revocation became final—which is when Blanton was or should have been aware of the factual predicate of his claims. See Porter v. Ray, 461 F.3d 1315, 1323 (11th Cir. 2006) (noting that statute of limitation period begins to run at the time the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard to his rights); see also Day, 528 F.3d at 1317 (state parole board's decision is the triggering event for statute of limitations period). In this case, this date is identical to "the date on which the judgment of conviction becomes final" under Subsection (d)(1)(A). 28 U.S.C. § 2244(d)(1)(A).

judgment or claim is pending." 28 U.S.C. §2244(d)(2) (emphasis supplied); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance—i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

The Superior Court of Toombs County denied Blanton's Motion to Correct on May 13, 2011. (Doc. 13-2, p. 3; Doc. 13-6.) Blanton had a period of thirty (30) days to file a notice of appeal but failed to do so.[6] Thus, the latest possible date Blanton's revocation could become final was June 13, 2011. Accordingly, the latest possible date on which Blanton could have filed a federal habeas petition was June 13, 2012. As noted earlier, Blanton did not file his Petition until August 8, 2016, more than five years after his revocation became final. Consequently, Blanton's untimeliness provides an independent and alternative reason upon which the Court should **GRANT** Respondent Carr's Motion to Dismiss and **DISMISS** Blanton's Petition.

## IV.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Blanton leave to appeal *in forma pauperis*. Though Blanton has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in

---

[6] Blanton did not file a notice of appeal until August 8, 2016–the same date he filed this Section 2254 Petition. (Doc. 1, p. 2.)

the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Blanton's Petition and Respondent Carr's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent Carr's Motion to Dismiss, (doc. 12), **DISMISS** Blanton's Petition, **DISMISS AS MOOT** all other pending Motions in this case, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Blanton leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and

Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 25th day of April, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

9